**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION**

**LINDSAY OLSON,**

|  |  |
|---|---|
| *Plaintiff*, | Case No. 4:26-cv-5100 |
| **vs.** | <u>**COMPLAINT FOR**</u> <u>**COPYRIGHT INFRINGEMENT**</u> |
| **MAYR LAW, P.C. and** | |
| **T. BRENT MAYR,** | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

Plaintiff Lindsay Olson files her Complaint against Defendants Mayr Law, P.C. and T. Brent Mayr, and alleges upon personal knowledge as to her own conduct, and on information and belief based on the investigation of her counsel, as to all other alleged conduct herein, as follows:

**I. INTRODUCTION**

1.      This is a case about a lawyer and his law firm that pirated two copyrighted expert reports and used those reports in a criminal case for the very same purpose the reports were originally created.

2.      Plaintiff Lindsay Olson ("Plaintiff" or "Olson") authored two written expert reports: (1) a report titled "Multi-District Comparative Community Attitude Study" dated April 15, 2022 (the "April 2022 Report"), and (2) a report titled "Multi-district comparative study on Community Attitude survey" dated October 10, 2022 (the "October 2022 Report") (collectively, the "Reports"), each analyzing attitudes in the jury pool of the District of Columbia toward criminal defendants charged for crimes related to high-profile events at the United States Capitol on January 6, 2021 ("J6 Defendants").

1

3. Plaintiff Olson is the sole copyright owner and author of each of the Reports.

4. Defendants Mayr Law, P.C. and T. Brent Mayr (collectively, the "Defendants" or "Mayr Defendants") represented J6 Defendant Knowlton in *USA v. Montgomery, Knowlton, and Wilson*, 1:21-cr-00046-RDM (D.D.C.).

5. Plaintiff's complaint arises out of copyright infringement claims based on the unauthorized copying, public distribution, and public display of the Reports in public filings by Defendants without a license to use the Reports and without a valid defense.

6. Defendants exploited the Reports in support of a motion to transfer venue for their J6 Defendants, using the Reports for the very same purpose the Reports were created and available for licensing: in a criminal case as expert support for a motion to transfer venue.

## II. PARTIES

7. Plaintiff Lindsay Olson ("Olson") is a citizen of Texas.

8. Defendant Mayr Law, P.C. is a law firm entity with a principal place of business at 5300 Memorial Dr., Suite 750, Houston, TX 77007.

9. Defendant T. Brent Mayr is an attorney who operates Mayr Law, P.C. at 5300 Memorial Dr., Suite 750, Houston, TX 77007.

10. Unless specifically alleged, whenever it is alleged that Defendants committed any act or omission, it is meant that the Defendants acted jointly through their owners, partners, associates, officers, directors, agents, servants, executives, lawyers, management, employees, subsidiaries, or affiliates who committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendants or was done in the routine normal course and scope of employment of the

2

Defendants' owners, partners, associates, officers, directors, agents, servants, executives, lawyers, management, employees, subsidiaries, or affiliates.

### III. JURISDICTION AND VENUE

11.     This action arises under the U.S. Copyright Act, 17 U.S.C. §§ 101, et seq., and presents a federal question under 28 U.S.C. § 1331.

12.     This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b) because a federal question is involved regarding infringement of copyright.

13.     Under 28 U.S.C. § 1400, civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendants or their agent resides or may be found, or where defendants committed acts of infringement and have a regular and established place of business.

14.     This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) because Defendants reside and maintain their principal place of business within this District and have a regular and established place of business here.

15.     This Court has in personam jurisdiction over Defendants because Defendants are domiciled in this District, availed themselves of the privileges of conducting business in this District, and Defendants incurred a benefit from Plaintiff here.

16.     Therefore, it is reasonable for Defendants to submit to the jurisdiction of this federal district court.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff and the April Report

17.    In 2022, Plaintiff authored the April Report based on a request by two lawyers, David Fischer and Julie Haller ("Requesting Attorneys"), who represented two J6 Defendants in what became known as the *Oath Keepers* trial, in which the Report was used.

18.    Plaintiff authored and finalized the April Report on or about April 15, 2022.

19.    Plaintiff Olson has legal standing to enforce copyright infringement claims for the Report as the sole author and copyright owner of the Report.

20.    The April Report was original and sufficiently based on Plaintiff's work product, creativity, and originality as the sole author, justifying the Report as copyrightable subject matter.

21.    The April Report was created without a specific reference or focus on the Oath Keepers J6 defendants so that the Report could be licensed for use in other J6 criminal cases.

22.    The April Report was an independent creation by Plaintiff as the author.

23.    The April Report contains a degree of creativity based on the amount of selection, coordination, and arrangement of the text of the April Report and Plaintiff's expression of how the facts as gathered are described, organized, illustrated, and/or arranged based on interpretation of data from polling and analysis of that data into a digestible, easy-to-comprehend qualitative narrative about the findings of that data written in the Report for use in litigation.

24.    The April Report reflected a "creative spark" or "modicum of intellectual labor" based on Plaintiff's choices about wording and presentation of how the data from the polling applied to that snapshot in time during the spring of 2022, when the J6 cases were starting to proceed towards trial and jury selection.

4

25. Plaintiff registered the April Report with the United States Copyright Office on December 8, 2022, under Registration Number TX-0009206911.

**B. Plaintiff and the October 2022 Report**

26. In 2022, Plaintiff authored the October 2022 Report based on a request by attorney John Daniel Hull ("Hull"), who represented J6 Defendant Joseph Biggs in *USA v. Nordean et al.*, 1:21-cr-00175-TJK (D.D.C.), known as the *Proud Boys* trial, in which Hull filed the October 2022 Report in support of a motion to transfer venue.

27. Plaintiff authored and finalized the October 2022 Report on or about October 10, 2022.

28. Plaintiff Olson has legal standing to enforce copyright infringement claims for the October 2022 Report as the sole author and copyright owner of that Report.

29. The October 2022 Report was original and sufficiently based on Plaintiff's work product, creativity, and originality as the sole author, justifying it as copyrightable subject matter. Like the April 2022 Report, the October 2022 Report was created so that it could be licensed for use in J6 criminal cases by attorneys other than Hull.

30. The October 2022 Report was an independent creation by Plaintiff as the author, and contains a degree of creativity based on the selection, coordination, and arrangement of polling data and analysis into a qualitative narrative for use in litigation.

31. Within three (3) months of the creation and first publication of the October 2022 Report, Plaintiff Olson registered the October 2022 Report with the United States Copyright Office on December 8, 2022, under Registration Number TX-0009206915. *See* 17 U.S.C. § 412. Because the October 2022 Report was registered within three months of first publication,

Plaintiff is eligible to elect statutory damages and attorneys' fees under 17 U.S.C. §§ 504(c) and 505 for any infringement of the October 2022 Report.

### C. Authorized Licensing of the Reports

32.    In exchange for a $30,000 fee to use the April Report in the *Oath Keepers* case, Plaintiff licensed a copy of the April Report to the Requesting Attorneys, authorizing them to use it in support of their motions to transfer venue based on alleged prejudicial jury bias in the District of Columbia's jury pool. No other lawyers obtained a license to the Report through the Requesting Attorneys.

33.    After Plaintiff delivered a copy of the April Report to the Requesting Attorneys, they uploaded the April Report to the Court's public docket in 1:22-cr-00015-APM (Dkt. 654-1) and in 1:21-cr-00028-APM (Dkt. 93-1), the consolidated *Oath Keepers* case, causing a public display of the Report as authorized by Plaintiff in exchange for the required $30,000 payment.

34.    Plaintiff neither assigned the copyright in the April Report to the Requesting Attorneys nor granted any sublicensing rights to any other lawyer or J6 defendant.

35.    The Requesting Attorneys' authorized copying and public display of the April Report on the public federal court's PACER system did not relinquish or waive Plaintiff's exclusive copyright in the Report, such that any J6 criminal defense lawyer could simply copy the entire Report off of PACER and publicly display the Report as support for a motion to transfer venue in another case, for the very same purpose the Report was authored and offered in the market.

36.    The April 2022 Report was available for licensing to any J6 defendant or their lawyers at an established market rate, as demonstrated by at least two prior licensing transactions for the April 2022 Report: $30,000 to the Requesting Attorneys in the *Oath Keepers* case and

$25,000 to attorney, Aubrey Webb, who obtained a license at a discounted rate in connection with another J6 criminal case and a venue transfer motion.

37.    Likewise, Plaintiff licensed the October 2022 Report to attorney John Daniel Hull for $30,000 in connection with the *Proud Boys* trial venue transfer motion, establishing an independent market rate of $30,000 for the October 2022 Report.

38.    The fact that Defendants made a copy of the Report from the internet (PACER) does not mean that the Report had been released into the public domain or was unconditionally free to use for the very same purpose it was created and offered in the market.

39.    The Report had a limited but real and functioning market for use by attorneys and representing J6 Defendants and *pro se* defendants facing jury trials sourcing jurors from the District of Columbia.

**D. Defendants' Infringement of the Two Reports**

40.    On or about July 17, 2023, Defendants copied Plaintiff Olson's Reports from PACER, then copied the entire Reports, including text and graphics, into a motion to transfer venue, which they filed on the public PACER docket as Dkt. 153 in *USA v. Montgomery, Knowlton, and Wilson*, 1:21-cr-00046-RDM (D.D.C.), causing an unauthorized public display and distribution of the two separate Reports.

41.    Defendant T. Brent Mayr was the attorney of record who filed the motion and caused the Reports to be publicly displayed and distributed without authorization.

42.    Defendants copied the entirety Plaintiff's Reports in their motion, then filed the motion, causing the two Reports to be publicly displayed and distributed without authorization or payment to Plaintiff.

43.     Defendants' exploitation of the Reports was an unauthorized substitute for a properly licensed display and use, which needed to have been obtained by paying Plaintiff an agreed licensing fee for each Report.

44.     Defendants were enriched and received a benefit by their unauthorized exploitation of Plaintiff's two Reports.

45.     When Defendants copied, uploaded, and displayed both excerpts and a full copy of each Report to the public, they did so without Plaintiff's authorization and without paying Plaintiff any licensing fee.

46.     Defendants' exploitation of the Reports subverted the market for Plaintiff Olson's Reports and caused market harm.

47.     The reasonable market for Plaintiff Olson's Reports was limited to a finite number of buyers over a limited time period, and Defendants were part of that market of likely buyers.

48.     Defendants' unauthorized exploitation of the Reports reduced the limited market for the Report by at least one license valued at no less than $25,000 or as much as $30,000 for actual damages.

49.     Defendants impaired the market for Plaintiff Olson's Reports by distributing each for public display, acting as if they had authorization from Plaintiff when they did not.

50.     Authorization to use Plaintiff's Reports was available to Defendants in exchange for an agreed payment of a licensing fee per use.

51.     Plaintiff spent considerable time and effort to author each Report and offers original written expert reports for use in litigation as part of her business, and must be paid fair market value for use of her written expert reports in court.

52. Defendants used the Reports as part of their professional representation in the Montgomery case and were professionally and financially enriched by its use.

53. Defendants never sought Plaintiff's authorization to use the Reports in the case.

54. Defendants named herein continued to exploit Plaintiff's copyrighted work for a commercial purpose, without payment and without authorization.

55. On or about October 2, 2025, Plaintiff's counsel sent the Mayr Defendants a cease-and-desist letter and notice that they had not paid for Plaintiff's Reports.

56. Defendants responded to Plaintiff's letter and notice but have not tendered any payment or obtained authorization from Plaintiff to use the two Reports.

**E. Inapplicability of Defenses**

57. Plaintiff anticipates that Defendants will argue that their unauthorized use of the Reports in support of a motion to transfer venue qualifies for judicial notice under Federal Rule of Evidence 201. However, Defendants will not simply ask the Court to take notice that Plaintiff's Reports existed on the public PACER docket. Instead, Defendants are likely to seek relief for their J6 clients based on the contents and substance of the Reports -- for the truth and weight of findings and expert analysis on specific jury pool attitudes -- the exact question central to the pending venue motion. Judicial notice does not authorize the wholesale reproduction and public distribution of a copyrighted expert report.

58. Plaintiff anticipates that Defendants may assert the affirmative defense that their exploitation of the Reports is somehow protected by the fair use doctrine. Publishing a copyrighted report to the public docket in its entirety, *for the very same purpose* the reports was created, indisputably constitutes infringing activity and is not fair use because it deprives

9

Plaintiff of the full economic benefits of her copyright and the fair market value licensing fee, and because the use was for precisely the same purpose the Reports was created and marketed.

59.     That another attorney first placed each Report on PACER with authorization does not make the work freely usable by any subsequent attorney for the same purpose. The Requesting Attorneys' licensed publication did not constitute a dedication to the public domain, a waiver of copyright, or a sublicense to any third party, including Defendants.

60.     Defendants, as licensed attorneys, knew or should have known that unauthorized reproduction and distribution of copyrighted expert reports for the very same commercial litigation purpose for which it was created is actionable and supports a finding of willful or reckless infringement.

61.     Three other courts have addressed and rejected similar defenses in related litigation in five (5) separate actions. The United States District Court for the District of Columbia (Judge Boasberg) denied a motion to dismiss on fair use in In Lux Research v. Hull McGuire PC in 2024.  The United States District Court for the Southern District of Florida denied a motion to dismiss based on similar arguments asserted by the Law Offices of Aubrey Webb in February 2026. The United States District Court for the District of Columbia (Judge Howell) denied three (3) motions to dismiss filed by defendants West, Woodward, and Garrity asserting a fair use defense in May 2026.

62.     Defendants are jointly and severally liable for copyright infringement and actual damages under the Copyright Act.

## V. CAUSES OF ACTION

**COUNT 1: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 101 ET SEQ.**

**(Against All Defendants)**

63.    Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

64.    Plaintiff Olson owns a valid and subsisting copyright registration in the April 15, 2022 Report she authored, registered under U.S. Copyright Registration Number TX-0009206911, with an effective registration date of December 8, 2022, which predates Defendants' infringing conduct.

65.    Having not paid for any use of the April Report, Defendants and their partners, agents, affiliates, and associates are liable for the use, copying, filing in court, public display, distribution, or otherwise commercially exploiting the copyrighted Report.

66.    Defendants directly infringed Olson's copyright in the April Report by using, copying, filing in court, publicly displaying, distributing, or otherwise commercially exploiting Olson's Report without Olson's authorization.

67.    Defendants directly benefitted financially and professionally from copyright infringement of the Report.

68.    Defendants are each liable for their respective employees', legal assistants, secretaries, paralegals, contractors', associates', and agents' infringement when they publicly displayed and caused distribution of Olson's April Report in court for their clients without paying to secure a license to use Olson's April Report.

69.    Plaintiff Olson has suffered actual harm and has incurred significant costs as a direct and proximate result of Defendants' infringement.

11

70. Olson is entitled to recover actual damages suffered as a result of Defendants' infringement pursuant to 17 U.S.C. § 504(b), which amounts will be proven at trial, but in no case less than $25,000 per use -- the minimum licensing fee previously charged and received from others for identical use of the April 2022 Report -- and which may be up to $30,000 per use based on the established market rate.

71. Alternatively, and at Plaintiff's election, Defendants are liable for statutory damages pursuant to 17 U.S.C. § 504(c) in the amount of up to $30,000 per infringement, or up to $150,000 per infringement upon a finding of willful or reckless infringement.

72. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Olson unless enjoined by this Court.

73. Olson has no adequate remedy at law and, pursuant to 17 U.S.C. § 502, Olson is entitled to a permanent injunction prohibiting infringement of Olson's exclusive copyrights in Olson's copyrighted April; Report by Defendants and all persons acting in concert with Defendants.

**COUNT 2: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 101 ET SEQ.**

**(Against All Defendants)**

74. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

75. Plaintiff Olson owns a valid and subsisting copyright registration in the October 10, 2022 Report she authored, titled "Multi-district comparative study on Community Attitude survey," registered under U.S. Copyright Registration Number TX-0009206915, with an effective registration date of December 8, 2022, which predates Defendants' infringing conduct. Because Plaintiff registered the October 2022 Report within three (3) months of its creation and

12

first publication, Plaintiff is eligible to elect statutory damages and attorneys' fees for infringement of the October 2022 Report. *See* 17 U.S.C. § 412.

76.    Having not paid for any use of the October 2022 Report, Defendants and their partners, agents, affiliates, and associates are liable for the use, copying, filing in court, public display, distribution, or otherwise commercially exploiting the copyrighted October 2022 Report.

77.    On or about July 17, 2023, Defendants copied and/or incorporated significant portions of the October 2022 Report, including text and graphics, into their motion to transfer venue filed in *USA v. Montgomery, Knowlton, and Wilson*, 1:21-cr-00046-RDM (D.D.C.) as Dkt. 153, causing an unauthorized public display and distribution of the October 2022 Report without Plaintiff's authorization and without payment of any licensing fee.

78.    Defendants directly infringed Olson's copyright in the October 2022 Report by using, copying, filing in court, publicly displaying, distributing, or otherwise commercially exploiting the October 2022 Report without Olson's authorization.

79.    Defendants' exploitation of the October 2022 Report was an unauthorized substitute for a properly licensed display and use, which needed to have been obtained by paying Plaintiff an agreed licensing fee of no less than $30,000 -- the established market rate for the October 2022 Report, as demonstrated by the $30,000 license previously paid by attorney John Daniel Hull for identical use of the October 2022 Report in a J6 venue transfer motion.

80.    Defendants were enriched and received a benefit by their unauthorized exploitation of Plaintiff's October 2022 Report.

81.    Defendants' unauthorized exploitation of the October 2022 Report reduced the limited market for that Report and caused market harm by at least one license valued at no less than $30,000.

13

82.     Defendants never sought Plaintiff's authorization to use the October 2022 Report.

83.     Plaintiff Olson has suffered actual harm and has incurred significant costs as a direct and proximate result of Defendants' infringement of the October 2022 Report.

84.     Olson is entitled to recover actual damages suffered as a result of Defendants' infringement of the October 2022 Report pursuant to 17 U.S.C. § 504(b), which amounts will be proven at trial, but in no case less than $30,000 per use -- the established market rate for the October 2022 Report.

85.     Alternatively, and at Plaintiff's election, Defendants are liable for statutory damages pursuant to 17 U.S.C. § 504(c) in the amount of up to $30,000 per infringement, or up to $150,000 per infringement upon a finding of willful or reckless infringement. Because Plaintiff registered the October 2022 Report within three (3) months of its first publication, Plaintiff is eligible to elect statutory damages and attorneys' fees for infringement of the October 2022 Report. 17 U.S.C. § 412.

86.     Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Olson unless enjoined by this Court.

87.     Olson has no adequate remedy at law and, pursuant to 17 U.S.C. § 502, Olson is entitled to a permanent injunction prohibiting infringement of Olson's exclusive copyrights in the October 2022 Report by Defendants and all persons acting in concert with Defendants.

## VI. JURY TRIAL DEMANDED

88.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully demands a trial by jury of all claims asserted in this Complaint so triable.

14

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on her behalf adjudging and decreeing that:

a. An Order be entered against Defendants for violating the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq. and 501 et seq., by infringing Plaintiff Olson's copyrights in her registered April 2022 Report and October 2022 Report;

b. An Order be entered against Defendants in favor of Plaintiff Olson for such actual damages or statutory damages as Plaintiff has sustained as a result of Defendants' infringement of Plaintiff's copyrights in the April 2022 Report and the October 2022 Report, in a combined sum of no less than $55,000 as actual damages (no less than $25,000 for the April 2022 Report and no less than $30,000 for the October 2022 Report), or up to $150,000 per infringed work upon a finding of willful infringement;

c. An Order be entered granting injunctive relief against Defendants pursuant to 17 U.S.C. § 502 preventing and restraining infringement of Plaintiff's copyright, ordering Defendants, their agents, or anyone working for, in concert with, or on their behalf not to use, publish, publicly display, distribute, or in any way disseminate Plaintiff's copyrighted work;

d. An Order be entered compelling Defendants to account for and/or disgorge all gains, profits, and advantages derived by Defendants from their infringement of Plaintiff's copyright pursuant to 17 U.S.C. §§ 101 et seq.;

e. An award of attorneys' fees and full costs pursuant to 17 U.S.C. § 505 as the prevailing party;

f. An award of pre- and post-judgment interest from the time of infringement; and

15

g. Such other and further relief as the Court deems necessary and just.

Dated: June 28, 2026

Respectfully submitted,

**JAMES H. BARTOLOMEI, III P.A.**

By: */s/ James H. Bartolomei*
James Bartolomei Esq. (Attorney-in-Charge)
Bar Number AR2005181
Of Counsel at Duncan Firm, P.A.
809 W. 3rd Street
Little Rock, Arkansas 72201
501-228-7600 phone
james@duncanfirm.com

*Attorneys for Plaintiff Lindsay Olson*

16